IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 08-00739 (02) SOM; |
| | ) | Civ. No. 13-00484 SOM/RLP |
| Plaintiff, | ) | |
| | ) | ORDER REFERRING TO THE NINTH |
| vs. | ) | CIRCUIT DEFENDANT'S SECOND |
| | ) | MOTION UNDER 28 U.S.C. |
| JOHN GOUVEIA, JR. (02), | ) | § 2255; EXHIBIT A |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT'S
SECOND MOTION UNDER 28 U.S.C. § 2255; EXHIBIT A**

**I.     INTRODUCTION.**

This court previously denied an earlier § 2255 motion filed by Defendant John Gouviea, Jr. That motion included the argument that relief was warranted because Jose Perez, an individual who had refused to testify in the trial, had become willing to testify. The court did not rely on that circumstance because Perez ultimately indicated that he would not provide any testimony in any new proceeding. Gouveia now moves under Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of this court's earlier ruling in light of what Gouveia says is Perez's renewed willingness to testify. See Exhibit A, attached to this order. Perez appears to fluctuate, but most recently his counsel has reported that Perez is unwilling to testify. This court does not now reach the merits of the motion. Instead, because the Rule 60(b) motion is a "second or successive" § 2255 motion, the court refers the matter to the Ninth Circuit Court of

Appeals pursuant to Ninth Circuit Rule 22-3(a) for certification under 28 U.S.C. § 2255(h).

**II.        FACTUAL BACKGROUND.**

On August 18, 2010, a jury convicted Gouveia of three drug charges. See Verdict Form, Aug. 18, 2010, ECF No. 174. Gouveia's crimes included: 1) one count of conspiring to distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; and 2) two counts of possession with intent to distribute the same. Id.

On February 4, 2011, the court sentenced Gouveia to 292 months in prison as to each count, with all terms to run concurrently. See Judgment, ECF No. 231. The court also sentenced him to 10 years of supervised release for each of the counts, with all terms to run concurrently, as well as a $300 special assessment. Id.

On February 9, 2011, Gouveia appealed. See ECF No. 232. The Ninth Circuit affirmed the judgment in a Memorandum Decision filed on February 23, 2012. See ECF No. 484-1. Gouveia petitioned for certiorari, but that was denied by the Supreme Court on October 1, 2012. See 133 S. Ct. 188 (Oct. 1, 2012).

On September 23, 2013, Gouveia filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody.  See ECF No. 471.  In relevant part, Gouveia claimed that, in March 2013, he had communicated with Perez.  According to Gouveia, Perez said he would testify that, at the time Perez had placed monitored calls to co-Defendant Ramiro Hernandez, Perez had not known that Government agents were recording the calls.  This was in conflict with trial testimony by law enforcement agents.  Perez had refused to testify at trial, and this court held him in civil contempt while trial was proceeding and then, post-trial, imposed a criminal contempt sentence.  Gouveia's 2013 motion was based on communications occurring long after Perez had completed his criminal contempt sentence.  Gouveia also claimed that Perez was willing to testify that Gouveia was innocent of the charges and played no role in the importing and distributing of the methamphetamine at issue in this case.  See Declaration of John Gouveia, Jr., ECF No. 472-5, PageID #s 5953-54.

In a declaration dated July 11, 2014, however, Jose Perez stated, contrary to Gouveia's contention, that Perez would not be a witness for either side or sign a declaration for either side.  He said, "I do not wish to have any further involvement in this case."  Declaration of Jose Perez, ECF No. 516-1, PageID # 7419.  This position was consistent with Perez's earlier refusals to testify at trial.

On July 28, 2014, the court denied Gouveia's first § 2255 motion and declined to issue a certificate of appealability. Given Perez's continued refusal to testify, the court ruled that Gouveia had failed to establish the factual predicate for any claim based on Perez's testimony. See ECF No. 519. Gouveia appealed. See ECF No. 522. On October 20, 2014, the Ninth Circuit also denied Gouveia a certificate of appealability. See ECF No. 541.

On August 17, 2015, proceeding pro se, Gouveia filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, asking this court to vacate its judgment of August 25, 2015, and to reopen his § 2255 motion. In support of his Rule 60(b) motion, Gouveia attached a new letter purporting to be from Perez to Gouveia that stated:

> Hey John[.] [H]ow are you doing? [H]ope your [sic] ok.  I'm Sorry I Refused to testify at the evidentiary hearing.  I was Just kind of Scared, but I gave it a lot of thought, and [am] ready to make things right.  I'm willing to testify at a evidentiary hearing to tell the truth, I hope that its [sic] not to [sic] late.
>
>                              Jose Perez
>
> P.S.  Sorry I couldn't do it earlier

ECF No. 566-2.

The court appointed counsel for Gouviea and, on November 13, 2015, ordered counsel to file a memorandum addressing whether Gouveia must obtain § 2255(h) certification

4

from the Ninth Circuit before proceeding with his "reconsideration" motion.  See ECF No. 570.

This court also appointed counsel for Perez.  On November 20, 2015, counsel for Jose Perez sent a letter to Gouveia's counsel, stating, "I spoke with Mr. Perez who is unwilling to give a statement, be interviewed, or otherwise respond to questioning regarding Mr. Gouveia's case.  Mr. Perez' position in this regard remains unchanged since July 6, 2014, when he signed a declaration asserting he would not be a witness for the Petitioner or Respondent in CV No. 13-00484 SOM or CR No. 08-00739 SOM."  See ECF No. 588-10.

On February 26, 2016, Perez sent this court a letter, stating, "I [am] Jose Perez[.] I'm writing this letter on my own free will.  I was in a case with co-defendant John Gouveia, Jr. and want to clear things up about the case.  I am willing to go to evidentiary hearing or whatever it takes."  See ECF No. 580.

In light of Perez's letter dated February 25, 2016, counsel for Gouviea asked counsel for Perez whether Perez would indeed testify.  Ultimately, on March 21, 2016, Perez's counsel sent an e-mail to Gouveia's counsel indicating that Perez "will not testify on Mr. Gouveia's behalf at an evidentiary hearing. If subpoenaed and called to testify he will invoke his 5th amendment privilege to remain silent."  ECF No. 588-12.

In a filing on May 24, 2016, ECF No. 594, and during a telephone conference on May 26, 2016, Gouviea objected to a referral of his motion to the Ninth Circuit for § 2255(h) certification purposes.

**III.     ANALYSIS.**

    **A.     A District Court Lacks Jurisdiction To Address a Second or Successive § 2255 Motion Absent a Circuit Court Certification.**

In passing the Antiterrorism and Effective Death Penalty Act, Congress imposed "significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." <u>United States v. Lopez</u>, 577 F.3d 1053, 1059 (9th Cir. 2009). In 28 U.S.C. § 2255(h), Congress said:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

The Ninth Circuit has defined this limitation as jurisdictional in nature.  Thus, in Ezell v. United States, 778 F.3d 762 (9th Cir. 2015), the Ninth Circuit said, "Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'"  Id. at 765 (quoting Lopez, 577 F.3d at 1061).

Clearly, if Gouveia's Rule 60(b) motion is actually a second or successive § 2255 motion, this court lacks jurisdiction to address it unless he receives § 2255(h) certification.

      **B.**     **The Pending Rule 60(b) Motion is Actually a Second or Successive § 2255 Motion That Requires § 2255(h) Certification Before This Court May Adjudicate It.**

A defendant convicted of a crime in federal court is generally limited to one motion under § 2255.  A defendant may not bring a "second or successive" § 2255 motion without first obtaining certification under the exacting standards of 28 U.S.C. § 2255(h).  See United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  "Because of the difficulty of meeting this

7

standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)," including characterizing their petitions as being asserted under Rule 60(b) of the Federal Rules of Civil Procedure. Washington, 653 F.3d at 1059.

Accordingly, courts examine whether a Rule 60(b) motion "is actually a disguised second or successive § 2255 motion" that must meet the certification requirements set forth in § 2255(h). Id. at 1060. To make that determination, courts examine the substance of the motion to see whether the Rule 60(b) motion contains a "claim" that makes it a § 2255 motion. See United States v. Buenrostro, 638 F.3d 720 (9th Cir. 2011). Examples of Rule 60(b) motions making "claims" such that they should be treated as "second or successive" § 2255 motions include those in which: 1) a claim of constitutional error is raised that was allegedly omitted from the original § 2255 motion because of excusable neglect; 2) newly discovered evidence is presented that allegedly justifies revisiting a claim that was denied in the original § 2255 motion; 3) a subsequent change in substantive law is cited as justifying relief from the previous denial of a claim; 4) a new ground for relief is being raised; 5) an argument is made that the previous resolution of a claim was incorrect; and 6) the movant's own conduct or counsel's omissions allegedly

warrant relief.  See Washington, 653 F.3d at 1063 (citing Gonzalez, 545 U.S. at 530-32).

If the motion does not contain a "claim" it is a proper Rule 60(b) motion.  Examples of proper Rule 60(b) motions include those asserting a defect in the integrity of the earlier § 2255 proceeding such as a fraud on the court, see Buenrostro, 638 F.3d at 722, or those claiming that the court erred in making a procedural ruling (e.g., relating to a procedural default or statute of limitations) that caused the court not to reach the merits of the underlying claim, see Washington, 653 F.3d at 1063.

Gouveia's purported Rule 60(b) motion is clearly a "second or successive" § 2255 motion.  In his earlier motion, Gouveia contended that Jose Perez would testify that Gouveia was innocent of the charges and played no role in the importing and distributing of the methamphetamine at issue in this case.  See Declaration of John Gouveia, Jr., ECF No. 472-5, PageID #s 5953-54.  In denying the earlier motion, the court relied on Perez's ultimate refusal to testify and Gouveia's resulting inability to show any ground supporting relief.

In his Rule 60(b) motion, Gouveia claims that Perez has changed his mind and is now willing to testify.  Gouveia says that, "[i]n light of this new development and new evidence," the court should vacate its earlier judgment with respect to the denial of his § 2255 motion.  ECF No. 566, PageID # 10260.  In

Washington, the Ninth Circuit said that a Rule 60(b) motion based on newly discovered evidence was a motion making a claim and should be treated as a second § 2255 motion. 653 F.3d at 1063. Under Washington, Gouveia's Rule 60(b) motion must be deemed a "second or successive" § 2255 motion for which Gouveia must get § 2255(h) certification before proceeding in this court. This court need not reach the issue of whether Perez's purported willingness to testify amounts to newly discovered evidence (the Government claims that newly available evidence is distinguishable from newly discovered evidence). It is sufficient that Gouveia is asserting a "claim" that makes what he calls a Rule 60(b) motion actually a § 2255 motion.

### C. The Court Refers Gouviea's Second § 2255 Motion to the Ninth Circuit for § 2255 Certification Purposes, Leaving Nothing for This Court To Dismiss.

Ninth Circuit Rule 22-3(a) provides, "If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Having determined that Gouveia's Rule 60(b) motion is actually a disguised "second or successive" § 2255 motion that requires § 2255(h) certification before it may proceed in this court, the court refers the matter to the Ninth Circuit pursuant to Rule 22-3(a) for § 2255(h) certification

purposes.  This referral leaves nothing pending before this court.

**III.      CONCLUSION.**

Because Gouveia's Rule 60(b) motion must be treated as a "second or successive" § 2255 motion, the court refers the motion to the Ninth Circuit pursuant to Rule 22-3(a) for § 2255(h) certification purposes.

The Clerk of Court is directed to send this order, including Exhibit A, to the Ninth Circuit.  The Clerk of Court is also directed to terminate Gouveia's motions and to close this case pending the Ninth Circuit's § 2255(h) certification decision.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 27, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Gouveia, Crim. No. 08-00739 SOM (02); Civ. No. 13-00484 SOM/RLP; ORDER REFERRING TO THE NINTH CIRCUIT DEFENDANT'S SECOND MOTION UNDER 28 U.S.C. § 2255; EXHIBIT A